# CHICAGO & ALTON RAILROAD CO.
## v.
## JAMES E. SEBRING.

1. EMPLOYE CLAIMING REWARD.—The mere fact that appellee is an employe of appellant does not conclude him from claiming the offered reward. Keiser v. Cox, 16 Bradwell, 631.

2. REWARD.—"$500 reward will be paid to any parties who will secure the arrest and conviction of any person who has injured persons or property by throwing stones or other missiles at the trains of the C. & A. R. R. Co.," *construed* not to cover a case where an employe or passenger became involved in a personal difficulty with a stranger, and such missile was thrown at him during, and as a part of, a personal contest.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed February 25, 1886.

Messrs. WILLIAMS & CAPEN and Messrs. FIFER & PHILLIPS, for appellant.

Messrs. KERRICK, LUCAS & SPENCER, for appellee.

CONGER J. For a full statement of this case see 16 Bradwell, page 181, where the facts are fully set forth.

We fully agree with counsel for appellants that they are concluded by the decision of this court, when the case was here before, upon the two points: that appellee is not precluded, from the mere fact of his being an employe of appellant, from claiming the offered reward; and second, that the reward was not limited by its terms to offenses occurring prior to its date. Keiser v. Cox, 16 Bradwell, 621.

In our opinion, the case turns upon the question whether a fair and reasonable construction of the language of the reward will include a case like the present, where the stone was thrown in consequence of a personal difficulty between appellee and a stranger.

C. & A. R. R. Co. v. Sebring.

The language of the reward is as follows: "$500 reward will be paid to any parties who will secure the arrest and conviction of any person who has injured persons or property by throwing stones or other missiles at the trains of the Chicago & Alton Railroad Company."

We think a fair and reasonable construction of the above offer is to detect and bring to punishment those who, through malice toward the company, or its employes in general, or toward one or more of them in particular, or from a wanton and reckless disregard of the lives or safety of those upon the train, throw missiles at it when not incited thereto by or in consequence of a quarrel at the time of such difficulty with those employed or being thereon.

But it was never intended to cover a case where an employe or passenger became involved in a personal difficulty with a stranger, and such missile is thrown at him during, and as a part of, a personal contest.

Suppose a passenger train standing at a depot, and two persons become involved in a personal difficulty, with no reference whatever as to which one may be the most in fault, and as a result, when one steps upon the train, the other throws a missile and hits him ; this would come within the literal language of the reward, but certainly not within its spirit and true meaning.

In this case appellee says (in reference to his quarrel with Watson) Record, page 55 : " Had told Watson I had a notion to thrash him, and hit him; think I called him a — of a b——h; didn't say I was going to spoil his face ; he is a druggist and a small man with a bad eye ; I weigh 196 pounds." Watson says (Record, page 66): "When we got to what is called Martin's creek he came along and said, " What are you doing here ?" Said I was going to Braidwood ; offered him my ticket and he said, " I don't want your ticket, haven't you any money ?" and I said, "No sir." He said, "haven't you got a quarter ?" He then said, " You little —— of a b——h I have a notion to smash your nose. " I said nothing to him. He said, " What in h—l did you tell those boys to get on for ?"

We quote these extracts from the testimony, not for the

purpose of determining whether appellee was going beyond the line of his duty in this controversy, but to show that the missile that was thrown at him when the train stopped at Braidwood was a part of and the direct result of the quarrel in which appellee had become involved.

Other questions are made in the argument, such as the want of proof of the conviction of the proper parties; but we prefer to place our decision directly upon the ground that the facts and circumstances of this case, as shown by the evidence, do not bring it within the spirit and true meaning of the offer of the reward, and therefore appellee has no just ground of recovery.

The judgment of the circuit court will therefore be reversed.

Reversed.